UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Gilmore Sampson, M.D., *et al.*,

    Plaintiffs,

v.                                                                                  Case No. 13-10113

Blue Cross Blue Shield of Michigan, *et al.*,          Sean F. Cox
                                                                                    United States District Court Judge
    Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE**
**JACKSON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs filed this action in federal court on January 11, 2013, based on federal-question jurisdiction.

Plaintiffs' original Complaint named numerous Defendants and asserted both federal and state-law claims. On January 22, 2013, this Court issued an "Order Declining To Exercise Supplemental Jurisdiction Over State-Law Claims" (Docket Entry No. 3) and dismissed the state-law claims.

This Court issued the Scheduling Order on July 25, 2013. (Docket Entry No. 18). That order provides, among other things, that discovery is to close on March 31, 2014, and the deadline for filing motions is May 2, 2014.

This Court's Practice Guidelines, which are incorporated into the Scheduling Order,[1]

---

[1]The first page of the Scheduling Order also expressly cautions Counsel to "**SEE ATTACHED PRACTICE GUIDELINES BEFORE FILING ANY MOTION** *** If you fail to comply with those guidelines, the motion (or response) will not be considered as timely and will not be heard." (Docket Entry No. 18) (emphasis in original).

1

state that "Motions for summary judgment should generally be filed following the close of discovery." (Docket Entry No. 10 at 2). This Court's Practices Guidelines expressly require the following as to motions for summary judgment:

> a. The moving party's papers shall include a separate document entitled Statement of Material Facts Not in Dispute. The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. . .
>
> b. In response, the opposing party shall file a separate document entitled Counter-Statement of Disputed Facts. The counter-statement shall list in separately numbered paragraphs following the order or the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record. The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.
>
> c. All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

(Docket Entry No. 18 at 2-3).

On September 20, 2013, Plaintiff filed an Amended Complaint (Docket Entry No. 19). Plaintiffs' Amended Complaint asserts multiple claims against several defendants, including: 1) the Jackson County Sheriff Department; 2) the Jackson County Prosecutor's Office; and 3) three individual defendants from Jackson County (collectively "the Jackson County Defendants").

On October 10, 2013 – approximately five months prior to the discovery cutoff – the Jackson County Defendants filed a Motion for Summary Judgment. (Docket Entry No. 21). That motion does not comport with this Court's requirements for summary judgment motions because, among other things, it does not contain a statement of material facts not in dispute. As a result, this Court's chambers sent Defense Counsel a Notice of Non-Compliance With Judge

Cox's Practice Guidelines For Motions," indicating that Defense Counsel failed to include the required statement of material facts and instructing Counsel to file a brief comporting with the requirements. (*See* attached). Nevertheless, the Jackson County Defendants have not revised their motion.

The Jackson County Defendants' Motion for Summary Judgment is currently set for hearing on February 13, 2014. After this Court's initial review of the motion, however, this Court concludes that oral argument is not necessary. The Court therefore ORDERS that the motion will be decided without oral argument.

The Jackson County Defendants' motion asserts that the individual officers from Jackson County are entitled to qualified immunity. Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.; Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008). "[A] qualified immunity defense can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *English v. Duke*, 23 F.3d 1086, 1089 (6th Cir. 1994).

Here, Defense Counsel has raised the issue in Motion for Summary Judgment, brought *before* the close of discovery.

The Jackson County Defendants' motion is brought pursuant to Fed. R. Civ. P. 56(c). Rule 56 provides, in pertinent part:

**(c) Procedures.**

3

>> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>>
>>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declaration, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>>
>>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Again, Defense Counsel failed to follow this Court's practice guidelines by submitting a statement of material facts, with citations to record evidence. In addition, Defense Counsel has made no attempt to support its factually-based arguments with citations to record evidence. The motion includes a four-page statement of facts that, with the exception of a single report, contains no citations to record evidence. Defendants have not attached any affidavits, any deposition transcripts, any discovery responses, or any of the orders from the underlying state-court cases.

In addition, in response to the Jackson County Defendants' Motion for Summary Judgment, Plaintiffs' Counsel filed an Affidavit stating that Plaintiffs need to obtain discovery in order to properly respond to the motion.

Accordingly, IT IS ORDERED that the Jackson County Defendants' Motion for Summary Judgment is DENIED WITHOUT PREJUDICE as premature and insufficiently supported.

If the Jackson County Defendants wish to raise a qualified immunity defense, they may do so by either: 1) filing a motion to dismiss, making legal arguments based upon the allegations

in Plaintiffs' Amended Complaint; or 2) filing a properly-supported motion for summary judgment following the close of discovery.

  IT IS SO ORDERED.

              S/Sean F. Cox      
              Sean F. Cox
              United States District Judge

Dated: February 3, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 3, 2014, by electronic and/or ordinary mail.

              S/Jennifer McCoy    
              Case Manager